**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re Valerie D. Andrews-Lewis, | ) | |
| | ) | **No. 2018 BK 12976** |
| Debtor, | ) | |
| | ) | |
| VALERIE ANDREWS-LEWIS, | ) | |
| | ) | **Adv. Proc. No. 19-00747** |
| Plaintiff, | ) | |
| v. | ) | |
| EASTERN SAVINGS BANK, FSB; and | ) | |
| KLEIN, DADAY, ARETOS & | ) | |
| O'DONOGHUE, LLC | ) | |
| | ) | |
| Defendants | ) | |

**KLEIN, DADAY, ARETOS & O'DONOGHUE, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Klein Daday Aretos & O'Donoghue, LLC ("KDAO")

by and through its attorneys, Klein, Daday, Aretos & O'Donoghue, LLC and moves this

Court pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for a

dismissal of Plaintiff's complaint. KDAO submits its memorandum of law in support of

this motion contemporaneously herewith.

## INTRODUCTION

1.     Plaintiff filed a four (4) count complaint against KDAO and its client

Eastern Savings Bank ("ESB"). ESB's motion to dismiss is separately filed and addresses

three of the counts. The only count against KDAO was an allegation of a violation of the

Fair Debt Collection Practices Act ("FDCPA"). This cause of action is premised upon the

loan for Plaintiff's property located at 2104 E. 73rd Street, Chicago, IL 60649 (hereinafter

"the Property") and the alleged unfair terms of Plaintiff's mortgage contract with ESB as

1

well as the amounts due and owing to ESB under the terms of the loan documents and the

judgment of foreclosure. KDAO has been named as it filed a foreclosure action against

Plaintiff on behalf of ESB. This action must be dismissed pursuant to the Federal Rules

of Civil Procedure 12(b)(1) as this Court is divested of jurisdiction pursuant to the

*Rooker-Feldman* doctrine.  Furthermore, and in the alternative, even if the Court were to

find that it has jurisdiction, Plaintiff's complaint must also be dismissed pursuant to the

Federal Rules of Civil Procedure 12(b)(6) because the complaint is substantially

insufficient under the Federal Rules of Civil Procedure 8, and under the federal pleading

requirements as clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Finally, the action must be dismissed as it is

barred by the statute of limitations.[a]

## **ARGUMENT**

### Rooker-Feldman

2.      Count IV must be dismissed pursuant to the Federal Rules of Civil

Procedure 12(b)(1) as this Court is divested of jurisdiction pursuant to the *Rooker-*

*Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from

exercising jurisdiction over cases brought by state-court losers challenging state-court

judgments rendered before the district court proceedings commenced." *Mains v.*

*Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). *Rooker-Feldman* divests a federal

district court of subject matter jurisdiction over a lawsuit that directly seeks to set aside a

state-court judgment. *Id*. In this matter, the Plaintiff is clearly seeking relief that is

---

[a] KDAO additionally objects to Plaintiff's complaint for failure to adhere to 11 U.S.C. 327.

tantamount to vacating the 2018 state-court judgment and should therefore be dismissed for lack of subject matter jurisdiction.

<u>Insufficient Pleading</u>

3.     Furthermore, and in the alternative, even if the Court were to find that it has jurisdiction, Plaintiff's complaint must also be dismissed pursuant to the Federal Rules of Civil Procedure 12(b)(6) because the complaint is substantially insufficient under the Federal Rules of Civil Procedure 8, and under the federal pleading requirements as clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

a.     Count IV - Plaintiff alleges absolutely no additional facts in support of her claims under the FDCPA. The allegations do not specify what conduct KDAO engaged in that allegedly violated the FDCPA - other than filing a foreclosure complaint - or when any other such conduct occurred. Other than merely quoting sections of the statute, Plaintiff does not point to any specific provision in the FDCPA that serves as the basis for the allegations and does not support her conclusory allegations with facts. Defendant cannot be expected to prepare a defense when it does not know the specific conduct plaintiff is referencing or what part of the FDCPA it allegedly violated. The allegations against KDAO are therefore insufficiently pled as a matter of law and **should be dismissed.**

Statute of Limitations

4.    Finally, the action must be dismissed as it is barred by the statute of limitations.[b]

a.    Count IV - The FDCPA claims are time-barred as the mortgage contract and promissory note were executed on April 19, 2007 at which point the Plaintiff would have known or reasonably should have known the terms of the loan documents. The statute of limitations for a claim under the FDCPA is one year. *See* 15 U.S.C. §1692k Plaintiff filed her adversary complaint against KDAO on June 15, 2019, well outside the one year limitations period.  Additionally, there are no allegations that any violation of the FDCPA occurred following the filing of the mortgage foreclosure case that could give rise to a cause of action against KDAO. Therefore, this claim is well past the deadline.

WHEREFORE, Defendant Klein, Daday, Aretos & O'Donoghue, LLC requests that this Court grant its Motion to Dismiss Count IV of Plaintiff's complaint with prejudice and award Defendant its attorneys' fees for the filing of this motion and all other relief this Court deems just and equitable.

Respectfully submitted,
Eastern Savings Bank, fsb
/s/ Stephen G. Daday
By One of Its Attorneys

Stephen G. Daday / Daniel J. Lee
Klein, Daday, Aretos & O'Donoghue, LLC
2550 W. Golf Rd.
Rolling Meadows, IL 60008 (847) 590-8700 /6286696

---

[a] ESB additionally objects to Plaintiff's complaint for failure to adhere to 11 U.S.C. 327.